IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SEBASTIAN A. SMITH, | ) |
| Petitioner, | ) ) ) |
| vs. | ) Case No. 04-CV-639-JHP-FHM |
| MIKE MULLINS, Warden, | ) ) ) |
| Respondent. | ) ) |

## **ORDER**

Before the Court is Petitioner's 28 U.S.C. §2254 habeas corpus petition (Dkt. # 1). Petitioner appears in this matter *pro se*. Respondent filed a response (Dkt. # 8) to the petition. Petitioner filed a reply (Dkt. # 9) to Respondent's response. Petitioner also filed a "motion for summary disposition default judgment" (Dkt. # 6) and a "motion for summary disposition" (Dkt. # 10). For the reasons discussed below, the Court finds that Petitioner is not entitled to default judgment and his motion shall be denied. In addition, because the claims asserted in the petition are procedurally barred, the petition shall be denied. Petitioner's motion for summary disposition shall be declared moot.

In his "motion for summary disposition default judgment," Petitioner seeks entry of judgment in his favor based on Respondent's alleged failure to file a timely response to the petition. However, one day before Petitioner filed his motion, the Court, in its discretion, granted an extension of time to Respondent. On October 13, 2004, or prior to the new deadline of October 20, 2004, Respondent filed a timely response. As there has been no default in this matter, Petitioner is not entitled to summary disposition and his motion shall be denied.

## *BACKGROUND*

On April 11, 2003, Petitioner Sebastian A. Smith entered a plea of *nolo contendere* to charges of Assault with a Dangerous Weapon and Petit Larceny in Tulsa County District Court, Case No. CF-02-5487. Based on his plea, the trial court found Petitioner guilty and sentenced him to three (3) years imprisonment on the assault conviction and six (6) months on the larceny conviction. The sentences were ordered to be served concurrently with each other and with the sentence entered in Tulsa County District Court, Case No. CF-02-2846. During the plea and sentencing hearing, Petitioner was represented by attorney Richard Johnson.

Petitioner did not move to withdraw his plea and did not otherwise perfect a *certiorari* appeal. On April 28, 2003, he filed an application for post-conviction relief in the state district court. He raised the following propositions of error:

1. The court reporter's certificate states in part "the transcript is only valid if her stamped seal and her original signature.

2. The officers did not have a search warrant to kick in door illegal search and seizure.

3. Defendant was bound over for Assault with a dangerous weapon not petit larceny.

4. The video tape was not provided to defendant five days before preliminary hearing.

5. The witness testified that he had not reviewed any reports or video tapes prior to his testimony.

6. The witness then changed his testimony stating that he had reviewed the video tape prior to his testimony.

7. There is no physical evidence knife/weapon introduced to show the defendant committed a crime.

8. The court reported Shannon Harwood certified that all of the transcription in case CF-02-4587 are true and correct, however, the defendant's case is CF-02-5487.

See Dkt. # 8, Ex. A.  By order filed June 11, 2003 (Dkt. # 8, Ex. A), the district court denied relief. Petitioner appealed to the Oklahoma Court of Criminal Appeals ("OCCA") where, by order filed July 15, 2003, in Case No. PC-2003-743 (Dkt. # 8, Ex. B), the denial of post-conviction relief was affirmed.

On January 16, 2004, Petitioner filed a second application for post-conviction relief.  He identified the following grounds of error:

1. I was denied procedural due process when my trial counsel failed or refused to file my Notice of Appeal within ten day statutory period after timely contacting him via registered mail expressing my desire to withdraw my guilty plea.

2. My right to effective assistance of counsel was violated when counsel made no effort to initiate steps to perfect my appeal.

See Dkt. # 8, Ex. C.  By order filed March 8, 2004 (Dkt. # 8, Ex. C), the state district court denied relief.  Petitioner appealed to the OCCA, where by order filed May 12, 2004, in Case No. PC-2004-0294 (Dkt. # 8, Ex. D), the denial of the second application for post-conviction relief was affirmed.  The OCCA found that Petitioner's claims had been waived since they could have been but were not raised in a *certiorari* appeal or in the first application for post-conviction relief.  Id.

Petitioner filed his federal habeas corpus petition on August 18, 2004, asserting the same two (2) allegations of error raised in his second application for post-conviction relief.  See Dkt. # 1.  In response to the claims asserted in the petition, Respondent argues that Petitioner's claims are procedurally barred.  See Dkt. # 8.

3

## *ANALYSIS*

**A.     Exhaustion/Evidentiary Hearing**

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b) and (c).  See Rose v. Lundy, 455 U.S. 509, 510 (1982). Petitioner fairly presented the substance of his claims to the OCCA in his second post-conviction appeal.  Therefore, the exhaustion requirement of 28 U.S.C. § 2254(b) is satisfied.

In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing.  See Michael Williams v. Taylor, 529 U.S. 420 (2000).

**B.  Procedural bar**

Petitioner asserts that he was not afforded effective assistance of counsel and was deprived of due process when his attorney failed to commence an appeal following his conviction on his pleas of *nolo contendere*.  Petitioner claims that he sent a letter to his attorney directing him to "withdraw my plea or file a direct appeal before my (10) days expire."  See Dkt. # 9, attachment.  Petitioner's attorney failed to take steps necessary to perfect an appeal.  However, under the facts of this case, the Court finds Petitioner's claims are procedurally barred from habeas corpus review.

The doctrine of procedural default prohibits a federal court from considering a specific habeas claim where the state's highest court declined to reach the merits of that claim on independent and adequate state procedural grounds, unless a petitioner "demonstrate[s] cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate[s] that failure to consider the claim[] will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 724 (1991); see also Maes v. Thomas, 46 F.3d 979, 985 (10th Cir. 1995); Gilbert v. Scott,

941 F.2d 1065, 1067-68 (10th Cir. 1991). "A state court finding of procedural default is independent if it is separate and distinct from federal law." Maes, 46 F.3d at 985. A finding of procedural default is an adequate state ground if it has been applied evenhandedly "'in the vast majority of cases.'" Id. (quoting Andrews v. Deland, 943 F.2d 1162, 1190 (10th Cir. 1991).

Petitioner first raised his claims of ineffective assistance of counsel and denial of due process in his second application for post-conviction relief. In the order affirming the denial of Petitioner's second application for post-conviction relief, Case No. PC-2004-0294, the OCCA held that,

> Petitioner's applications fail to articulate sufficient reason explaining his failure to timely file a certiorari appeal as set forth in Section IV, *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18, App. (2004), or to raise these issues in his previous post-conviction application. The record does not support Petitioner's contention that he was denied an appeal through no fault of his own. As Petitioner has failed to show entitlement to relief in a post-conviction proceeding, the order of the District Court of Tulsa County denying Petitioner's second application for post-conviction relief is **AFFIRMED**.

(Dkt. # 8, Ex. D). Thus, the OCCA imposed a procedural bar on Petitioner's claims, including his claim of ineffective assistance of counsel, and did not consider the claims on the merits.

Applying the principles of procedural default to this case, the Court concludes that Petitioner's claims of ineffective assistance of counsel and denial of due process are procedurally barred as a result of Petitioner's failure to present the claims to the OCCA in a *certiorari* appeal or in his first application for post-conviction relief. The state court's procedural bar as applied to Petitioner's claims was an "independent" state ground because the bar resulted from Petitioner's failure to comply with state procedural rules and state law provided "the exclusive basis for the state court's holding." Maes, 46 F.3d at 985.

The Court also finds that the bar imposed by the OCCA on Petitioner's claims, including his claim of ineffective assistance of counsel, was based on state law grounds adequate to preclude federal review. Generally, when the underlying claim is ineffective assistance of counsel, the Tenth Circuit Court of Appeals has recognized that countervailing concerns justify an exception to the general rule of procedural default. Brecheen v. Reynolds, 41 F.3d 1343, 1363 (10th Cir. 1994) (citing Kimmelman v. Morrison, 477 U.S. 365 (1986)). The unique concerns are "dictated by the interplay of two factors: the need for additional fact-finding, along with the need to permit the petitioner to consult with separate counsel on appeal in order to obtain an objective assessment as to trial counsel's performance." Id. at 1364 (citing Osborn v. Shillinger, 861 F.2d 612, 623 (10th Cir. 1988)). However, where the claim of ineffective assistance has been defaulted multiple times, as in the instant case, the state's procedural bar is adequate to preclude federal review. See Thomas v. Gibson, 218 F.3d 1213, 1221-1222 (10th Cir. 2000) (recognizing adequacy of procedural bar imposed on ineffective assistance of counsel claim not raised on initial post-conviction review); Medlock v. Ward, 200 F.3d 1314, 1323 (10th Cir. 2000); Moore v. Reynolds, 153 F.3d 1086, 1097 (10th Cir. 1998).

Because of the procedural default of his claims in state court, this Court may not consider Petitioner's claims unless he is able to show cause and prejudice for the defaults, or demonstrate that a fundamental miscarriage of justice would result if his claims are not considered. See Coleman, 501 U.S. at 750. The cause standard requires a petitioner to "show that some objective factor external to the defense impeded . . . efforts to comply with the state procedural rules." Murray v. Carrier, 477 U.S. 478, 488 (1986). Examples of such external factors include the discovery of new evidence, a change in the law, and interference by state officials. Id. As for prejudice, a petitioner

must show "'actual prejudice' resulting from the errors of which he complains." United States v. Frady, 456 U.S. 152, 168 (1982). A "fundamental miscarriage of justice" instead requires a petitioner to demonstrate that he is "actually innocent" of the crime of which he was convicted. McCleskey v. Zant, 499 U.S. 467, 494 (1991).

In reply to Respondent's argument that his claims are procedurally barred, Petitioner first relies on Massaro v. United States, 538 U.S. 500 (2003), and other federal cases for the proposition that ineffective assistance of counsel claims are not procedurally barred for failure to raise the claim on direct appeal. However, Petitioner's reliance is misplaced as Massaro involved a motion for post-conviction relief filed pursuant to 28 U.S.C. § 2255 by a prisoner in custody pursuant to a federal, not a state, judgment. Furthermore, Petitioner defaulted his claims twice, first when he failed to perfect a *certiorari* appeal, and second, when he failed to raise his claims in his first application for post-conviction relief.

Next, Petitioner argues that his default should be excused because he is innocent of the crimes for which he was convicted. Petitioner may gain federal habeas review by asserting a claim of actual innocence under the fundamental miscarriage of justice exception. Herrera v. Collins, 506 U.S. 390, 403-404 (1993); Sawyer v. Whitley, 505 U.S. 333, 339-341 (1992); see also Schlup v. Delo, 513 U.S. 298 (1995). Under Schlup, a showing of innocence sufficient to allow consideration of procedurally barred claims must be "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error . . . ." Id. at 316. Petitioner has the burden of persuading this Court "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id. at 329. Petitioner in this case makes only one conclusory statement, as follows:

"Petitioner pled no contest before said court because petitioner had no proof of his innocence at that time however petitioner has obtained a witness who was at the allege crime scen (sic) who will testify that I the petitioner is not guilty of said crime." (Dkt. # 9 at 3). However, he fails to provide either the identity of his witness, or a statement from the witness, or any other evidence supporting his assertion of innocence. Because he makes only a conclusory statement of innocence, the Court finds that Petitioner has failed to demonstrate that he falls within the fundamental miscarriage of justice exception to the procedural bar doctrine.

As a result of Petitioner's failure to demonstrate either "cause and prejudice" or that a fundamental miscarriage of justice would occur if his claims are not considered, this Court is procedurally barred from considering Petitioner's ineffective assistance of counsel and due process claims as asserted in the petition.

### *CONCLUSION*

After carefully reviewing the record in this case, the Court concludes that the Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States. The petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Petitioner's motion for summary disposition default judgment (Dkt. # 6) is **denied**.

2. The petition for writ of habeas corpus (Dkt. # 1) is **denied**.

3. Petitioner's motion for summary disposition (Dkt. # 10) is **declared moot**.

**SO ORDERED** this 23rd day of September 2005.

James H. Payne
United States District Judge
Northern District of Oklahoma

8